IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHELETTA ESTES, )
)
      Plaintiff, )
)
    v. )    Civ. No. 09-051-SLR
)
COMMISSIONER CARL DANBERG, )
BWCI WARDEN PATRICK RYAN, )
CAROLYN T. LNU, and WARDEN FNU )
OETELL,[1] )
)
      Defendants. )

## MEMORANDUM ORDER

At Wilmington this I4th day of April, 2009, having screened the case pursuant to 28

U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's complaint is dismissed as frivolous pursuant to 28

U.S.C. § 1915 and § 1915A and her request for counsel is denied as moot, for the

reasons that follow:

1. **Background**. Plaintiff Sheletta Estes, ("plaintiff"), an inmate at the Delores J.

Baylor Women's Correctional Institution ("BWCI"), New Castle, Delaware, filed this civil

rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) Plaintiff appears pro se and has

been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C.

§ 1915 provides for dismissal under certain circumstances. When a prisoner seeks

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for

---

[1]Warden FNU (i.e., first name unknown) Oetell ("Oetell") is not listed on the court
docket. The clerk of the court is directed to add Oetell to the court docket.

screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant immune from such relief. An action is frivolous if it

"lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).

  3. The legal standard for dismissing a complaint for failure to state a claim

pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when

ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir.

2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v.

McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard

to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all

factual allegations in a complaint as true and take them in the light most favorable to

plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint

must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,

1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A

complaint does not need detailed factual allegations, however, "a plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right

2

to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

5. **Discussion**. Plaintiff alleges that defendants negligently failed to provide her with adequate medical care. Plaintiff entered the BWCI in May 2008. At that time she had been prescribed Seroquel by her psychiatrist. Plaintiff was sent to medical upon her arrival at the BWCI and remained on Seroquel for a few weeks. She was told by a physician that he was taking plaintiff off Seroquel and placing her on an equivalent medication. Plaintiff was taken off another medication because it was causing side effects "about her face." A nurse sent plaintiff to see a physician who diagnosed plaintiff

3

with Bell's palsy and prescribed medication.  Plaintiff complains that she was not sent to an outside hospital, to an ENT physician, or for tests such as an MRI.

6.  Plaintiff received follow-up care when she was housed at the Sussex Violation of Probation Center ("SVOP") in August 2008.  She became ill with an ear infection, saw a physician and was treated with antibiotics and Robitusson.  Plaintiff complains that she is now totally deaf in her right ear.  Plaintiff has been prescribed different medication for depression by a physician who indicates she is on the only medications he can give to plaintiff.  Plaintiff complains that the medications she receives are unacceptable for her bipolar/schizophrenic conditions.

7.  Plaintiff discusses another incident when she allegedly had a reaction to medication.[2]  Plaintiff believed she had a stroke, saw a nurse and a physician who told her that once she was cured of her infection she would be "Okay."  Plaintiff received subsequent medical treatment and was told she was having side effects from the medication.  Plaintiff returned to the SVOP on September 9, 2008.  She complains that she has yet to be sent to an outside physician or hospital, but was told three weeks ago "they had to get it approved."[3]  Plaintiff alleges that "this is negligence" . . . as a result of these individuals not doing their job."  (D.I. 2, ¶ V)

8.  **Medical Needs**.  The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical

---

[2]It is not clear if plaintiff is referring to the diagnosis of Bell's palsy or if this is a different medical problem.

[3]Presumably plaintiff refers to three weeks from the date the complaint was signed, December 1, 2008.

care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

9. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

5

10. It is evident in reading the complaint that plaintiff's medical complaints are being addressed and that she is receiving medical care. While she may not agree with the medical care and medications provided, her disagreement is insufficient to state a claim for a constitutional deprivation. At the most, plaintiff's allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference to a serious medical claim. Therefore, the court dismiss the claims as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

11. Plaintiff also names as defendants Delaware Department of Correction Commissioner Carl Danberg ("Danberg"), BWCI Warden Patrick Ryan ("Ryan") and Oetell. The U.S. Court of Appeals for the Third Circuit has clarified that "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236. Even when reading the complaint in the most favorable light to plaintiff, she fails to state an actionable constitutional claim against defendants Danberg, Ryan, and Oetell for deliberate indifference to a serious medical need. Therefore, the court dismiss the claims as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

12. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of

6

the complaint would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004);

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of*

*Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).  Plaintiff's request for counsel is denied

as moot.  (D.I. 6)

UNITED STATES DISTRICT JUDGE

7